## STANDARD SAMPLE, Inc., et al. v. ART-CRAFT SAMPLE CARD CO., Inc., et al.

District Court, S. D. New York.
Nov. 18, 1938.

Louis Schumacher, of New York City, for plaintiffs.

M. Daniel Nissenbaum, of New York City, for defendants.

HULBERT, District Judge.

Action in Equity for patent infringement.

Bill of complaint and counter-claim dismissed.

Plaintiff, Joe Wieder is the owner of U. S. Letters Patent No. 1,570,364 issued January 19th, 1926.

Defendant, Nathan Bulwa, is the owner of U. S. Letters Patent No. 2,068,393, issued January 19th, 1937.

Plaintiff's patent is for a two piece tab while defendant's patent is for a one piece tab but plaintiff claims a prior use in the manufacture and sale of one piece tabs since 1929.

The device manufactured by the plaintiff corporation, under an exclusive license from Wieder, consists of a piece of cardboard substantially square except that the cardboard has a projection at the center on either side called "ears" and a blunt end V-shaped opening in the center called a "window". A piece of fabric is laid on the card over the window and a rectangular piece of cardboard called a "stretcher" is placed over the fabric and the bottom and top portions of the cardboard are folded over the stretcher so that on the reverse, or outside, the fabric is exposed in the window and the tab is then affixed to a sample card by inserting the ears in the slits provided therein for that purpose.

The one piece tab eliminates the so-called "stretcher" by lengthening one flap so that the lengthened flap is bent twice, the first fold-over constituting the stretcher.

The one piece tab manufactured by both litigating corporations is practically identical except that the fabric is some times pasted along one edge to the cardboard of the defendant's device above the window so that upon opening the tab the fabric can be held up to permit the light to pass through the window and the fabric examined without the necessity of removing the stretcher as would be required in the case of the two piece tab manufactured by the plaintiff corporation.

The plaintiff alleges that the defendant's device infringes upon the Wieder patent. The defendant denying validity relies upon the prior art and anticipation and sets up the Bulwa patent as a counterclaim. The plaintiff alleges like defense to the Bulwa patent but concedes that if any of the claims of the Bulwa patent are held valid the plaintiff infringes.

As early as 1876, U. S. Letters Patent No. 182,604 was issued to Righter for an improvement in the Mode of Putting Up Buttons for Market. This patent covered a button card consisting of a multiple of sections. In each upper and lower section were slits into which were inserted a rectangular piece of cardboard with pointed ends to fit into the slits, each such smaller cardboard containing a dozen buttons.

U. S. Letters Patent No. 202,816, issued to Hatfield in 1878 reveals a rectangular piece of paper perforated through its face with ears extending on either side and a flap above and below so that a letter, note or card might be so placed as to expose the address through the opening, or window, with ears or flaps folded over and held together with paste, glue, or mucilage, thus forming an envelope.

Patents to: Thornton (1879) Improvement in Button-Cards; Loeb (1880) Show Box for Laces; Jaeger (1880) Show Box for Laces; Galland (1898) Embroidery-Display Package; MacCanlis (1916) Sample-Card; Stenz (1918) Sample-Tab; show a progressive development of the art from which it seems to me any person of ordinary skill could have reasonably conceived and developed the tab disclosed in the Wieder patent, and further, in view of patent to Holtzman (1931) for Display Device, the same is equally true with respect to the Bulwa patent.

It will serve no useful purpose to discuss the evidence in further detail.

My conclusion is that neither patent embodies invention.

Either counsel may submit, on notice to the other, findings of fact and conclusions of law and a decree may be entered in accordance therewith after the same have been passed upon.